Document Number Case Number
05-C-0180-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
01/12/2006 09:27:31 AM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRENTON SCHEIBE,

                                                 ORDER

         Plaintiff,

                                                05-C-180-C

    v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for injunctive relief, plaintiff Trenton Scheibe is proceeding pro se and in forma pauperis on his claim that defendant National Board of Medical Examiners violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12189, by denying his request for additional time to complete Steps 1 and 2 of the United States Medical Licensing Exam. Defendant has filed an answer and, pursuant to an order entered by Magistrate Judge Stephen Crocker on January 6, 2006, defendants have until January 13, 2006 in which to serve and file a motion for summary judgment. Now plaintiff has filed a document titled "Motion to Dismiss without Prejudice." I construe plaintiff's submission as a motion for voluntary dismissal of the case.

      When a motion for voluntary dismissal is filed after the defendant has filed an answer

1

or motion for summary judgment such as in this case, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper."  Because defendant has been required to defend this action, I will not grant plaintiff's motion for voluntary dismissal without prejudice unless defendant agrees to such a dismissal.  If defendant does not agree, then I will allow dismissal only on the condition that the dismissal is with prejudice.

ORDER

IT IS ORDERED that defendant may have until January 13, 2006, in which to advise the court and plaintiff whether it agrees to a dismissal of this action without prejudice.  If defendant advises the court that it does not agree to such a dismissal, I will allow plaintiff until January 23, 2006, in which to withdraw his motion for voluntary dismissal.  If plaintiff does not withdraw his motion for voluntary dismissal by January 23, 2006, I will direct the clerk of court to enter judgment dismissing this case with prejudice.

Entered this 11th day of January, 2006.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge