Document Number Case Number
05-C-0180-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
01/13/2006 03:42:18 PM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRENTON SCHEIBE,

                                                         ORDER

                  Plaintiff,

                                                         05-C-180-C

         v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 6, 2006, the same day I set as the deadline for filing dispositive motions, plaintiff asked for permission to dismiss this action voluntarily "without prejudice." Defendant promptly requested an enlargement of time in which to file a motion for summary judgment in the event a voluntary dismissal was not effectuated. That request was granted and the dispositive motions deadline was extended to January 13, 2006.

Separately, in an order dated January 12, 2006, Judge Crabb gave defendant until January 13, 2006, in which to advise the court and plaintiff whether it would agree to a dismissal without prejudice and, if it would not so agree, then she allowed plaintiff until January 23, 2006, in which to withdraw his motion for voluntary dismissal. Judge Crabb advised plaintiff that if he did not withdraw his motion for voluntary dismissal by

1

January 23, 2006, she would direct the clerk of court to enter judgment dismissing this case with prejudice.  Later that same day, defendant submitted a letter objecting to a dismissal of this action unless the dismissal is with prejudice and asking for another enlargement of the dispositive motions deadline so as to await further action until plaintiff had decided whether he would or would not continue to prosecute the case.[1]  That request is before the court.  Also before the court is a letter plaintiff submitted today saying that he has moved to a new address.

Given the fact that defendant's letter and Judge Crabb's orders of January 12 were mailed to plaintiff at his former address, it is highly unlikely that plaintiff will receive these documents in time to advise the court and opposing counsel by January 23 whether he intends to withdraw his motion or whether he will accept a dismissal of the case "with prejudice." Therefore, it appears necessary to extend plaintiff's deadline.  To insure plaintiff has the January 12 order and defendant's response in his possession, I am sending another copy of these documents to him with this order.

IT IS ORDERED that the deadline established in Judge Crabb's January 12 order in which plaintiff is to advise the court and opposing counsel whether he wishes to withdraw

---

[1]A day earlier, on January 11, 2006, defendant wrote a letter to the court stating it had no objection to a dismissal of this action without prejudice.  It withdrew that statement in its letter of January 12.

2

his motion for voluntary dismissal is EXTENDED to January 30, 2006.  If, by January 30, 2006, plaintiff does not withdraw his request for voluntary dismissal, Judge Crabb will enter an order directing the clerk to court to enter a judgment of dismissal in defendant's favor and the dismissal will be with prejudice.

Further, IT IS ORDERED that if plaintiff advises the court and opposing counsel that he is withdrawing his motion for voluntary dismissal, then defendant may have an enlargement of time to February 3, 2006, in which to file its motion for summary judgment. All other deadlines set in the court's August 30, 2005 preliminary pretrial conference order remain the same.

Entered this 13th day of January, 2006.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge

3