Document Number Case Number
22 05-C-0180-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/07/2006 03:09:22 PM CST

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

TRENTON SCHEIBE,

Plaintiff,

v. Case No. 05-C-180-C

NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.

**AFFIDAVIT OF JOSEPH ABRAM DOANE**

STATE OF PENNSYLVANIA )
) ss.
COUNTY OF ______________ )

I, Joseph Abram Doane, being first duly sworn on oath, depose and state that:

1. I am an adult resident of the state of New Jersey. I am Manager, Disability Services and ADA Compliance Officer, Testing Programs, at the National Board of Medical Examiners ("NBME").

2. As Manager, Disability Services and ADA Compliance Officer, Testing Programs, my duties include, among other things, operational responsibility for the subunit that handles test accommodations processing and decision making.

3. The NBME is a private non-profit corporation with its principal office located in Philadelphia, Pennsylvania, which, together with the Federation of State Medical Boards ("FSMB"), has created the United States Medical Licensing Examination ("USMLE"). The USMLE is an examination, the results of which are used by individual state medical licensing

authorities to assess the qualifications of candidates for medical licensure.

4. The USMLE is an integral component of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine. All fifty states rely on the USMLE to distinguish those individuals who are qualified to enter the profession from those who are not qualified to become physicians. The NBME takes its role as the testing organization for medical licensure seriously. Maintaining the integrity of the testing process is a critical part of the NBME's obligation to protect the public safety.

5. There are three phases of the USMLE, known as "Steps." Step 1 assesses whether an examinee can understand and apply important concepts of the sciences basic to the practice of medicine. Generally, Step 1 is taken at the end of the second year of medical school. Step 2 Clinical Knowledge (CK) assesses an examinee's ability to apply medical knowledge, skills and understanding of clinical science(s) essential for the provision of patient care under supervision. Step 2 CK is generally taken during the student's fourth year of medical school. Step 3 assesses whether an examinee can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine. Step 3 is often taken after receipt of a medical degree, usually during or after the first year of residency training. Passage of all three Steps is accepted by all U.S. medical licensing authorities to satisfy the examination requirements for licensure as a physician.

6. Steps 1 and 2 CK are offered year-round at test centers operated around the world by Thomson Prometric ("Prometric"), the test-delivery vendor for the USMLE.

7. Step 3 is administered by Prometric at one or more facilities located throughout the United States and its territories. To be eligible for Step 3, an individual seeking to register for the exam (a "registrant") must first meet the requirements for taking Step 3 set by the state

medical board ("SMB") to which he or she is applying for licensure as a physician, such as the completion of any postgraduate training requirements. Each state has its own requirements which registrants must meet to be eligible to sit for Step 3. Prior to taking Step 3, all registrants must have obtained an MD or DO degree and must have passed both Steps 1 and 2 of the USMLE.

8. The NBME is responsible for ensuring that the USMLE is administered under standard conditions to ensure the integrity of the scores and to protect the public's interest in the medical licensure process. For this reason, the NBME is responsible for ensuring that no examinee or group of examinees receives an unfair advantage in the administration of the examination(s).

9. With respect to Steps 1 and 2 of the USMLE, it is also the responsibility of the NBME to ensure that persons with disabilities as defined by the Americans with Disabilities Act ("ADA") receive reasonable accommodations when they take Steps 1 and 2 of the USMLE. The purpose of providing reasonable and appropriate accommodations is to afford registrants with disabilities equal, not preferential, access to the examination process. The public thus should have the benefit of the skills of qualified physicians who may be disabled, but should not be subject to treatment by unqualified physicians.

10. With respect to Step 3, it is the responsibility of the particular SMB sponsoring the registrant to sit for Step 3 to ensure that reasonable accommodations are made available to persons with disabilities when they take Step 3, unless the SMB has formally authorized the FSMB to act on the state's behalf. Registrants requesting accommodations for Step 3 must submit a request to the SMB (or the FSMB if appropriate) for such accommodation(s), which refers the request to NBME for review and processing. NBME issues a recommendation regarding the request for accommodation. The SMB (or FSMB) makes the decision whether or

not to grant any requested accommodation for Step 3. The SMB (or FSMB) may accept or reject the recommendation of the NBME in whole or part.

11. The NBME website provides detailed instructions and guidelines for registrants to follow when applying for accommodations. Registrants who believe they are disabled and seek reasonable accommodations for Step 1 or 2 CK are required to provide information to NBME evidence of significant impairment relative to USMLE including but not limited to, information regarding the nature of their disability, the impact of the impairment on their daily lives and tasks relevant to USMLE, the type of accommodation sought and history of prior accommodations, if any. In addition, registrants are required to provide to NBME documentation from qualified professionals and others describing the disability and explaining the appropriateness of the type of accommodations requested.

12. The Disability Services staff of the NBME ("Disability Services") reviews and processes requests for test accommodations for the USMLE.

13. Upon receipt of the required information from the registrant for a requested test accommodation(s), NBME may consult with outside experts with expertise in the diagnosis and treatment of the particular condition described by the registrant, to assist NBME in determining whether the documentation submitted by the examinee supports the finding of a disability as defined by the ADA or whether additional information is needed to make a decision.

14. The expert(s) conducts a thorough review of each assigned case and prepares a detailed written report with recommendations to the NBME as to whether the documentation supports a finding that the examinee is significantly impaired in a major life activity relevant to the USMLE. Based on the review and recommendation of its experts and on internal review NBME either grants or denies the request for accommodations on Step 1 or 2 CK, or requests

additional information.

15. Trenton J. Scheibe ("Scheibe") first requested a test accommodation for the USMLE in January 2003.

16. Attached as Exhibit 1 is a true and correct copy of a Questionnaire for USMLE Step 1 and 2 Applicants Requesting Test Accommodations completed by Scheibe and received by Disability Services on January 13, 2003. In the Questionnaire, Scheibe requested an accommodation of double testing time for Steps 1 and 2 due to a claimed reading disorder.

17. The NBME's website advises registrants seeking an accommodation on Steps 1 or 2 of the USMLE that relevant historical information regarding the individual's academic history should be submitted to support a request for test accommodation. Scheibe did not submit any school records verifying childhood learning problems. Also, Scheibe did not submit any personal statement in support of his first request for accommodation.

18. Attached as Exhibit 2 is a true and correct copy of a Certification of Prior Test Accommodations received by Disability Services on January 13, 2003 in support of Scheibe's request for accommodation on Steps 1 and 2 of the USMLE. It shows that the University of Texas at Houston Medical School first provided Scheibe with extended testing time in March of 2002.

19. Attached as Exhibit 3 is a true and correct copy of a Psychological Assessment received by Disability Services from Scheibe on January 13, 2003. The Psychological Assessment was conducted on September 21, 2001 and October 5, 2001, and lists Cynthia Gonzalez, M.A. as the examiner. The assessment was signed by David Lachar, Ph.D.

20. Attached as Exhibit 4 is a true and correct copy of a letter dated January 14, 2003 from Disability Services to Scheibe verifying receipt of Scheibe's request for test

accommodations on Steps 1 and 2.

21. Disability Services referred Scheibe's request for accommodation and supporting documentation to Samuel O. Ortiz, Ph.D. for his review and recommendation as to the claimed reading disorder. Attached as Exhibit 5 is a true and correct copy of the review Dr. Ortiz provided to Disability services. Dr. Ortiz found that the data available did not support a diagnosis of learning disability and recommended that Scheibe not receive the requested accommodation.

22. Attached as Exhibit 6 is a true and correct copy of a letter from NBME to Scheibe dated March 24, 2003, which informed Scheibe that NBME was unable to provide the requested accommodation and set forth the reasons for that decision. In accordance with the opinion and review of Dr. Ortiz, the NBME concluded that the documentation provided did not demonstrate any cognitive or academic deficits that substantially limited Scheibe's ability to read or learn. Rather, the documentation showed that Scheibe's performance on a range of cognitive and academic tasks was in the range of average to well above average.

23. Scheibe passed Step 1 of the USMLE on January 29, 2004, without any test accommodation.

24. Attached as Exhibit 7 is a true and correct copy of Scheibe's second Request for Test Accommodations received by Disability Services on October 25, 2004 requesting an accommodation for Step 2 CK of the USMLE.

25. Attached as Exhibit 8 is a true and correct copy of a Neuropsychology Report received by Disability Services from Scheibe on October 25, 2004. The report was dated August 25, 2004 and signed by Fred W. Theye, Ph.D.

26. Attached as Exhibit 9 is a true and correct copy of a letter dated October 19, 2004

from Scheibe to the NBME in support of Scheibe's request for accommodation on Step 2.

27. Attached as Exhibit 10 is a true and correct copy of academic transcripts and standardized and diagnostic test results received by Disability Services from Scheibe on October 25, 2004 in support of Scheibe's second request for test accommodation on Step 2. The transcripts and test results span most of Scheibe's academic career.

28. Attached as Exhibit 11 is a true and correct copy of a letter dated October 27, 2004 from Disability Services to Scheibe verifying receipt of Scheibe's request for test accommodation.

29. Attached as Exhibit 12 is a true and correct copy of a letter I sent to Scheibe dated November 10, 2004. The letter requests that Dr. Theye provide age-based standard scores for all Woodcock-Johnson III (WJ-III) academic achievement tests and subtests administered during Scheibe's August 2004 evaluation.

30. Attached as Exhibit 13 is a true and correct copy of a letter From Dr. Theye to Scheibe dated November 23, 2004, which Scheibe forwarded to NBME. The letter states that it is in response NBME's request for age-based standard scores for the WJ-III achievement test.

31. Attached as Exhibit 14 is a true and correct copy of a letter from Disability Services to Scheibe dated December 7, 2004. The letter requests that Dr. Lachar provide scaled scores from the Nelson-Denny Reading Test (NDRT). The letter also informs Scheibe that all scores from the academic achievement tests for the 2001 evaluation should be reported using age based norms where available. The reporting of age based norms is required by NBME for the results of all tests submitted in support of a claimed learning or reading disability. Age-based norms more closely approximate the average person in the general population than do grade based norms. Grade-based norms are inappropriate for purposes of the ADA because the results

compare to persons who have achieved the same or similar educational level as the examinee.

32. Attached as Exhibit 15 is a true and correct copy of an e-mail from Dr. Lachar to Scheibe dated December 8, 2004, a hard copy of which was received by Disability Services from Scheibe on December 14, 2004.

33. Attached as Exhibit 16 is a true and correct copy of a letter from Dr. Lachar to Disability Services dated December 16, 2004. The letter states that it is in response to the December 7, 2004 letter from Disability Services to Scheibe.

34. Disability Services referred Scheibe's request for accommodation and supporting documentation to Steven G. Zecker, Ph.D. for his review and recommendation as to the claimed reading disorder. Attached as Exhibit 17 is a true and correct copy of Dr. Zecker's review dated January 18, 2005. Dr. Zecker found that the documentation provided by Scheibe did not show evidence of a significant limitation in a major life activity in comparison to others of the same age from the general population.

35. Attached as Exhibit 18 is a true and correct copy of a letter I sent to Scheibe dated January 24, 2005. The letter informed Scheibe that NBME would not grant the requested accommodation on Step 2 of the USMLE. In accordance with the findings and recommendation of Dr. Zecker, the NBME concluded that the documentation provided did not demonstrate that Scheibe was substantially limited in a major life activity. The documentation instead showed Scheibe demonstrated at least average performance on a range of cognitive and academic tasks and did not show any deficits that substantially limited the ability to read or learn.

36. Scheibe passed Step 2 of the USMLE on February 8, 2005, without any accommodation.

37. The only Step of the USMLE remaining for Scheibe to take is Step 3.

38. To my knowledge, Scheibe has not applied to an SMB or the FSMB to sit for Step 3, nor requested any accommodation for Step 3. Whether Scheibe is eligible for Step 3 will depend on his meeting the requirements of the particular SMB, if any, to which he applies for licensure as a physician. A request for test accommodations for Step 3 cannot be considered until Scheibe is sponsored by an SMB to take Step 3 and actually requests such accommodation.

I have read the above statement consisting of thirty eight (38) numbered paragraphs and swear that the statements made therein are true and correct to the best of my personal knowledge.

Dated this 3rd day of January, 2006.

Joseph Abram Doane

Subscribed and sworn to before me this 3rd day of January, 2006.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Patricia Weaver, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Nov. 16, 2009
Member, Pennsylvania Association of Notaries