Document Number Case Number
                                           05-C-0180-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
03/20/2006 04:37:41 PM CST

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

TRENTON SCHEIBE,

           Plaintiff,

v.                                      Case No.  05-C-180-C

NATIONAL BOARD OF MEDICAL EXAMINERS,

           Defendant.

## DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF FACT

Defendant National Board of Medical Examiners ("NBME") replies to Plaintiff Trenton Scheibe's ("Scheibe") responses to Defendant's Proposed Findings of Fact as follows for purposes of NBME's Motion for Summary Judgment only.  Each numbered paragraph below corresponds to the numbers assigned by Scheibe to his responses to NBME's proposed findings of fact.

19.      Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 19.  The finding of fact is therefore undisputed. Scheibe's unsupported assumptions and speculation cannot create a dispute of fact. *See, e.g., Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 883 (1999) (holding that mere speculation is not sufficient to create a genuine issue of fact).

26.      Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 26.  The

finding of fact is therefore undisputed.  Scheibe cites no record evidence for his allegation that it was NBME's responsibility to request information which Scheibe had already been informed he should submit.  Even if there were a dispute of fact, such dispute is not material as Scheibe is only allowed injunctive relief under Title III of the ADA.  Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

27.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 27.  The finding of fact is therefore undisputed.  Scheibe cites no record evidence for his assertion that it was NBME's responsibility to request additional information which Scheibe did not submit in support of his first request for accommodations on the USMLE.  Even if there were a dispute of fact, such dispute is not material as Scheibe is only allowed injunctive relief under Title III of the ADA. Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

31.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not dispute and cites no record evidence challenging that Dr. Lachar's conclusions were based on what he characterized as an apparent discrepancy between Scheibe's reading abilities and his overall intelligence and other abilities. That fact is therefore undisputed.  Dr. Lachar's conclusions and diagnosis were based on discrepancy analysis and not on a comparison to the average person, which latter standard is the standard required to be applied under the ADA. [See Defendant's Brief in Support of Motion for Summary Judgment; Defendant's Reply Brief]  Scheibe does not dispute and cites no record evidence challenging the fact that Dr. Lachar did not find Scheibe's reading ability to be below

average in comparison to the average person in the general population. That fact is therefore undisputed. Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

35.     Object. The response is non-responsive to the finding of fact. Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 35. The finding of fact is therefore undisputed. That Dr. Lachar posited a discrepancy in Scheibe's abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a major life activity when it is undisputed that all of Scheibe's abilities, as measured, were found to be in the average range or higher. [See paragraphs 38, 64 & 89, *infra*] Moreover, Dr. Theye, Scheibe's own expert, admits that discrepancy analysis has been discredited as a reliable means of diagnosing learning disabilities. [See paragraph 41, *infra*] Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

36.     Object. The response is non-responsive to the finding of fact. Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 36. The finding of fact is therefore undisputed. That Dr. Lachar posited a discrepancy in Scheibe's abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a major life activity when it is undisputed that all of Scheibe's abilities were measured as being in the average range or higher. [See paragraphs 38, 64 & 89, *infra*] Moreover, Dr. Theye admits that discrepancy analysis has been discredited as a reliable means of diagnosing learning disabilities. [See paragraph 41, *infra*] Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

37.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 37.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 36.

38.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 38.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 36.

40.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, it is undisputed that the Nelson Denny Reading Test has a low reliability rating and cannot be considered a diagnostic test. [See paragraph 94, *infra*]  Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

41.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite any record evidence challenging the factual allegations of FOF ¶ 41.  The finding of fact is therefore undisputed.  Scheibe's expert, Dr. Theye, agrees that the use of discrepancy analysis has been called into question as a reliable means of diagnosing learning disabilities. [Affidavit of Frederick W. Theye, Ph.D, Exhibit 3, p. 2]  Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

42.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute that Dr. Ortiz's report contained the statements recited in FOF ¶ 42.  Moreover, Dr. Theye admits that his conclusion that Scheibe has a reading disability is based on an apparent discrepancy between Scheibe's reading ability and overall intelligence and other abilities and not on a finding that Scheibe's reading ability

is below that of the average person, which latter standard is the standard to be applied under the ADA. [Theye Affidavit ¶ 2 ("his reading achievement, specifically speed, *reflected by individually administered tests*, falls substantially below that *expected for his measured intelligence and age appropriate education.*) (emphasis added)]  Finally, all of Scheibe's alleged compensatory strategies are available to him on Step 3 of the USMLE. [Affidavit of Gerard F. Dillon, Ph.D. ¶¶ 2-5 & Exhibit 1]  In fact, most of Scheibe's compensatory strategies, i.e. tracking sentences, note-taking and outlining have always been available to him on the USMLE. [See Id. ¶ 4; Affidavit of Trenton J. Scheibe Affidavit ¶¶ 12 & 18, Exhibit 1, p. 2]

43.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 43.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 42.

44.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 44.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 42.

45.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations contained in FOF ¶ 45.  The finding of fact is therefore undisputed.  It is undisputed that Scheibe passed Step 1 of the USMLE.  See also Defendant's reply regarding FOF ¶ 42.

49.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence

challenging the factual allegations of FOF ¶ 49.  The finding of fact is undisputed.  See also Defendant's reply regarding FOF ¶ 42.

51.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 51.  The finding of fact is therefore undisputed.  The passage quoted by Scheibe from the Theye Report merely highlights the fact that Dr. Theye based his analysis on his belief that Scheibe should have been outscoring 90% of all test-takers nationally.  Dr. Theye admits that his conclusion that Scheibe has a reading disability is based on an apparent discrepancy between Scheibe's reading ability and what Dr. Theye considered should be Scheibe's expected level of achievement and not on a finding that Scheibe's reading ability is below that of the average person, which is the ADA standard. [See paragraph 42, *supra*]  Moreover, Dr. Theye admits that discrepancy analysis has been discredited as a reliable means of diagnosing learning disabilities. [See paragraph 41, *supra*]

52.     Object.  The response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 52. The finding of fact is therefore undisputed. See also defendant's reply regarding FOF ¶ 42.

54.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 54.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 42 concerning Scheibe's compensatory strategies claim. The passage quoted by Scheibe in response to the finding of fact asserts that in grade school, Scheibe was initially unable to complete standardized exams and over time developed compensatory strategies to compensate for his alleged disability.  However, it is undisputed that Scheibe's achievement on standardized exams, including all reading related tests,

was always above average to superior from first grade forward. [See FOF ¶¶ 51-60, Scheibe's responses thereto, and Defendant's replies]

56.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 56.  The finding of fact is therefore undisputed. See also Defendant's reply regarding FOF ¶ 42 concerning Scheibe's compensatory strategies claim.

57.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 57.  The finding of fact is therefore undisputed. See also Defendant's reply regarding FOF ¶ 42 concerning the compensatory strategies claim.

58.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 58.  The finding of fact is therefore undisputed. See also Defendant's reply regarding FOF ¶ 42.

59.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 59.  The finding of fact is therefore undisputed. See also Defendant's reply regarding FOF ¶ 42.

60.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 60.  The finding of fact is therefore undisputed. See also Defendant's reply regarding FOF ¶ 42.

63.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute and cites no record evidence challenging that Dr. Theye's conclusions were based on what he characterized as an apparent discrepancy between Scheibe's reading abilities and his overall intelligence and other

abilities. That fact is therefore undisputed. Dr. Theye's conclusion and diagnosis were based on discrepancy analysis and not on a comparison to the average person, which latter standard is the standard required to be applied under the ADA. [See Defendant's Brief in Support of Motion for Summary Judgment; Defendant's Reply Brief]  Scheibe does not dispute and cites no record evidence challenging the fact that Dr. Theye did not find Scheibe's reading ability to be below average in comparison to the general population. That fact is therefore undisputed. See also Defendant's reply regarding FOF ¶ 42 concerning Scheibe's compensatory strategies claim.

64.     Object. The response is non-responsive to the finding of fact. Scheibe does not specifically dispute the factual allegations of FOF ¶ 64. The finding of fact is therefore undisputed. That Dr. Theye posited a discrepancy in Scheibe's relative individual abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a major life activity when it is undisputed that all of Scheibe's abilities were measured as being in the average range or higher. [See also paragraphs 38 & 89, herein]   Moreover, Dr. Theye admits that discrepancy analysis has been discredited as a means of diagnosing learning disabilities. [See paragraph 41, *supra*]

69.     Object. The response is non-responsive to the finding of fact. Scheibe does not specifically dispute nor cite record evidence challenging the fact that NBME requires the reporting of age based norms for the results of all tests submitted in support of a claimed learning or reading disability, or that age based norms more closely approximate the average person in the general population than do grade based norms. It is undisputed that Dr. Lachar and Dr. Theye recorded their results using age based norms. [See FOF ¶¶ 67 & 70, and Scheibe's responses]  The evidentiary basis for the assertions is in the affidavit of Joseph Abram Doane.

72.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 72.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 42.

73.     Object to the extent the response is non-responsive to the finding of fact.  That Dr. Lachar posited a discrepancy in Scheibe's abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a major life activity within the meaning of the ADA when it is undisputed that all of Scheibe's abilities were measured as being in the average range or higher. [See paragraphs 38, 64 & 89, herein]   Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

74.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Dr. Theye admits that his conclusion that Scheibe has a reading disability is based on an apparent discrepancy between Scheibe's reading ability and overall intelligence and other abilities and not on a finding that Scheibe's reading ability is below that of the average person, which latter standard is the standard to be applied under the ADA.  See also paragraph Defendant's reply regarding FOF ¶ 41.

75.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Dr. Theye admits that his conclusion that Scheibe has a reading disability is based on an apparent discrepancy between Scheibe's reading ability and overall intelligence and other abilities and not on a finding that Scheibe's reading ability is below that of the average person, which latter standard is the standard to be applied under the ADA. [See paragraph 42, *supra*] Additionally, That Dr. Theye and Dr. Lachar posited a discrepancy in

Scheibe's abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a major life activity when it is undisputed that all of Scheibe's abilities were measured as being in the average range or higher. [See paragraphs 38, 64 & 89, herein]   See also Defendant's reply regarding FOF ¶ 41.

76.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Dr. Theye admits that his conclusion that Scheibe has a reading disability is based on an apparent discrepancy between Scheibe's reading ability and Scheibe's overall intelligence and other abilities and not on a finding that Scheibe's reading ability is below that of the average person, which latter standard is the standard to be applied under the ADA. See also Defendant's reply regarding FOF ¶¶ 41 & 42.

77.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 77.  The finding of fact are therefore undisputed. NBME disputes Scheibe's claim that "all of the compensatory strategies the Plaintiff had developed throughout his lifetime were prohibited by the Defendant because of its use of CBT."  Scheibe's alleged compensatory strategies are: tracking sentences with a pencil or his finger, underlining, circling, note-taking and outlining. [Scheibe Affidavit ¶ 12, Exhibit 1, p. 2]  Scheibe has never been prevented from tracking sentences, note-taking and outlining on the USMLE. [Dillon Affidavit ¶ 4; Scheibe Affidavit ¶ 18]  Additionally, all of Scheibe's alleged compensatory strategies are now available on Step 3 of the USMLE. [Dillon Affidavit ¶¶ 2-5 & Exhibit 1]  See also Defendant's reply regarding FOF ¶ 42.

78.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence

challenging the factual allegations of FOF ¶ 78.  The finding of fact is therefore undisputed. Scheibe's characterization of his reading habits is inconsistent with his academic performance, choice of professional school (law and medical) and is not substantiated by either of his expert's reports. [See FOF ¶¶ 3-5, 50-62, 89-97, Scheibe's corresponding responses and Defendant's replies]

83.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Schiebe admits that he has not applied to sit for Step 3, and he does not dispute that a request for test accommodations cannot be considered until Scheibe is sponsored by a State Medical Board to take Step 3 and actually requests test accommodations.

85.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of the finding of fact.  FOF ¶ 85 is therefore undisputed. Scheibe's characterizations of NBME and its experts are usubstantiated and contrary to the curricula vitae of Dr. Ortiz and Dr. Zecker.  [See Ortiz Affidavit, Exhibit 1; Zecker Affidavit, Ex. 1]

86.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of the finding of fact.  FOF ¶ 86 is therefore undisputed.  NBME disputes that it has not complied with the requirements of FRCP 26(a)(2)(B), which provides in part that an expert report "shall contain . . . a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."  No list was provided because there was nothing to list.  Dr. Zecker has not testified in any other cases in the last four years.

87.     Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, it is undisputed that Scheibe's reading ability is not below average compared to the average person. [See paragraphs 38, 64 & 89, herein]  It is undisputed that

Dr. Lachar's conclusions and Dr. Theye's conclusions were based on what was characterized as an apparent discrepancy between Scheibe's reading abilities and his overall intelligence and other abilities. [See paragraphs 31 & 63, *supra*]  It is undisputed that Dr. Lachar's and Dr. Theye's conclusions and diagnoses were not based on a comparison to the average person, which is required to prove the existence of a disability under the ADA. [See Id.]  It is undisputed that the discrepancy model has been discredited as a reliable means of diagnosing a learning disability. [See paragraph 41, *supra*]

88.    Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor does he cite any record evidence challenging Dr. Ortiz's opinion regarding confirmatory bias.

89.    Object to the extent the response is non-responsive to the finding of fact.  Subject to and without waiving said objection, Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 89.  It is therefore undisputed that all of the tests administered to Scheibe by Dr. Lachar and Dr. Theye, including tests measuring reading fluency, speed and comprehension, demonstrate results that place Scheibe's performance in the average range or higher compared to others of the same age from the general population.  That Dr. Theye and Dr. Lachar posited a discrepancy in Scheibe's abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a major life activity when it is undisputed that all of Scheibe's abilities were measured as being in the average range or higher. [See also paragraphs 38 & 64, herein]  See also Defendant's reply regarding FOF ¶ 41.  Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

90.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 90.  The finding of fact is therefore undisputed.  Notwithstanding Scheibe's apparent implication that a reading fluency score placing him in the 54th percentile is somehow lower than average, it is undisputed that score is clearly well within the average range.. [See Defendant's reply regarding FOF ¶ 92, *infra*]  There is no basis in the record to support a different finding merely because with respect to the particular indicator in question, a ranking in the 54th percentile translates into a grade equivalent performance of a high school junior.  Discussing Scheibe's results on the WJ-III, as reported by Dr. Theye, Dr. Ortiz notes:

> Indeed, the percentile ranks ranged from the 54th to the 95th, and when converted to common standard scores, ranged from 102 to 124. Despite the clarity of these findings, which once again indicate a resounding display of absolutely normal functioning, Dr. Theye attempts to dramatize their meaning by including grade equivalent scores. As noted in my prior evaluation, use of grade equivalents for comparative purposes is poor practice and psychometrically indefensible in attempts to understand performance relative to the average person in the general population. . . . It is interesting to note that Dr. Theye once again uses quotations in his report to indicate that "reading fluency was 'only' at the 54th percentile." Perhaps Dr. Theye recognizes that such a score, being slightly above average, is difficult to construe as representing deficient functioning.

[Ortiz Affidavit ¶ 3, Ex. 3, p. 7, ¶ 18]

91.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 91.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 90.

92.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 92.  The finding of fact is therefore undisputed.  That Dr. Lachar posited a discrepancy in Scheibe's abilities cannot create a genuine issue for trial with respect to whether Scheibe is substantially limited in a

major life activity when it is undisputed that all of Scheibe's abilities were measured as being in the average range or higher. [See paragraphs 38, 64 & 89, herein]  See also Defendant's reply regarding FOF ¶ 41.  Additionally, Scheibe's citation to his Disclosure of Expert Testimony, which Scheibe did not make part of the record, is not a proper citation.

94.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging that the Nelson-Denny has a low reliability rating and cannot be considered a diagnostic test.  The finding of fact is therefore undisputed.

95.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 95.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 90.

96.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 96.  The finding of fact is therefore undisputed.

97.     Object.  The response is non-responsive to the finding of fact.  Scheibe does not specifically dispute nor cite record evidence challenging the factual allegations of FOF ¶ 97.  The finding of fact is therefore undisputed.  See also Defendant's reply regarding FOF ¶ 90.

Dated this 20ᵗʰ day of March, 2006.

Thomas R. Crone
State Bar No. 1017265
Michael P. Gallagher
State Bar No. 1047771
Melli, Walker, Pease & Ruhly, S.C.
Ten East Doty, Suite 900
P. O. Box 1664
Madison, WI  53701-1664
(608) 257-4812

Attorneys for Defendant
National Board of Medical Examiners

14